**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AUDELIO ARZOLA AMAYA,        ) | No. CV 05-0278-PHX-JAT (MEA) |
|                              ) | |
| Petitioner,                  ) | **ORDER** |
|                              ) | |
| vs.                          ) | |
|                              ) | |
| CHARLES DE ROSA, WARDEN,     ) | |
|                              ) | |
| Respondent.                  ) | |
|                              ) | |

Pending before this Court is Petitioner Audelio Arzola-Amaya's ("Petitioner") Petition for Writ of Habeas Corpus (Doc. #1), filed pursuant to 28 U.S.C. § 2241, objecting to the calculation of Petitioner's sentence. (Petitioner was sentenced by the Federal court in Texas.). Also pending is Petitioner's motion for leave to file his supplemental brief for objections twenty days late (Doc. #12). On April 6, 2005, Magistrate Judge Aspey issued a Report and Recommendation (Doc. #9) recommending that the Petition for Habeas Corpus be denied. Petitioner asserts in his Objections that the Magistrate Judge misconstrued the Petition.

**Review of Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

1  (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219,
2  1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of
3  factual and legal issues is required if objections are made, 'but not otherwise.'"). District
4  courts are not required to conduct "any review at all . . . *of any issue* that is not the subject
5  of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28
6  U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the
7  [report and recommendation] to which objection is made.").

8  The Court will grant Petitioner's motion to for leave to file objections twenty days late, to the extent that the objections filed within those twenty days will be deemed timely (Doc. #14). Thus, the Court will review the R&R *de novo* because of Petitioner's objections.[1]

**Discussion**

Magistrate Judge Aspey concluded in his Report and Recommendation (Doc. #9) that because a sentence imposed for violation of 21 U.S.C. § 848 is not a parole-eligible sentence, Petitioner is not being improperly held without the establishment of a parole date. This Court agrees with the Report and Recommendation that a life sentence pursuant to Section 848 was mandatory, and Petitioner is not entitled to parole or reduction of his term of imprisonment.

In his supplemental brief in support of his Objections (Doc. #14), Petitioner contends that, under the holding in *Glascoe v. United States*, 358 F.3d 967 (D.C. Cir. 2004), if a prisoner is granted extra good time credits, then there must be "a fixed term from which to deduct good time credits." (Doc. #14, at 3). This assertion is not supported by *Glascoe*, however.

In *Glascoe*, the petitioners argued that a District of Columbia statute requiring good time credits to be deducted from their sentences dictated that fixed sentences (rather than life

---

[1] However, in his supplemental objections, Petitioner states, "Petitioner would like leave to brief the issue." This request will be denied because Petitioner has already been giving the opportunity for briefing three times (the Petition, the objections, and the supplemental objections).

- 2 -

1  sentences) must be imposed in order to comply with the statute. *Id.* at 968. The *Glascoe*
2  court rejected petitioners' argument, holding that deductions of good time credits do not
3  apply to maximum terms of life imprisonment. *Id.* at 970.

4      Petitioner does not cite a source supporting his claim that his life sentence was
5  reduced to 45 years, aside from his own recollection. Further, Petitioner does not cite a
6  statute that states that receipt of good time credits equates to a reduction of a life sentence
7  to a fixed term of years.

8      Additionally, as the Report and Recommendation notes, the Federal courts that have
9  considered this argument, including the Ninth Circuit Court of Appeals, have rejected it. *See*
10 R&R at 3, *citing, e.g., Johnson v. Williford*, 682 F.2d 868, 870 (9th Cir. 1982). Thus,
11 Petitioner was properly and mandatorily sentenced to life imprisonment for violation of
12 Section 848. Section 848(d) provides that "[a]ny sentence imposed under this section . . .
13 shall not be suspended, and probation shall not be granted." Petitioner does not cite to any
14 source to support his contention that his sentence has been or should be reduced to 45 years
15 imprisonment, and his claim that being granted good time credits requires that a fixed term
16 of imprisonment be set by the Court has been uniformly rejected. Accordingly, the Petition
17 will be denied.

18 **Conclusion**

19     Based on the foregoing,

20     **IT IS ORDERED** that Petitioner's Motion for Leave to File Supplemental Brief for
21 Objections 20 Days Late (Doc. #12) is granted as indicated above;

22     **IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. #9) is
23 accepted and adopted, the objections are overruled, the Petition for Writ of Habeas Corpus
24 (Doc. #1) is denied, and the Clerk of the Court shall enter judgment accordingly.

25     DATED this 22nd day of November, 2005.

James A. Teilborg
United States District Judge